FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

FEB -6 2007

DAVID J. MALAND, CLERK
BY
DEPUTY _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| THE GREAT AMERICAN RESTAURANT COMPANY, § § § § Plaintiff, § § vs. § § § DOMINO'S PIZZA LLC, DOMINO'S, INC., § and DOMINO'S PIZZA, INC. § § Defendants. § | Case No. 4:07cv52  JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, The Great American Restaurant Co., Inc., d/b/a Brooklyn's Old Neighborhood Style Pizzeria ("Brooklyn's"), files this original complaint against Defendants, Domino's Pizza LLC ("Domino's LLC"), Dominos, Inc., and Domino's Pizza, Inc. (collectively "Domino's").

### INTRODUCTION

1. Brooklyn's claims Domino's has committed trademark infringement and unfair competition under both 15 U.S.C. §1125, and the common law of the State of Texas. Brooklyn's also claims Domino's has injured its business reputation in violation of V.T.C.A., TEX. BUS. & COM. CODE §16.29. Brooklyn's seeks monetary damages and permanent injunctive relief from and against Domino's for its infringement of Brooklyn's federally-registered trademarks and its unfair competition in connection with the national advertising campaign for Domino's so-called "Brooklyn Style Pizza."

## PARTIES, JURISDICTION, AND VENUE

2.   Brooklyn's is a corporation organized and existing pursuant to the laws of the State of Texas, with its principal place of business located in Plano, Collin County, Texas.

3.   Domino's Pizza, Inc. is a publicly-traded corporation that is organized and existing under the laws of the State of Michigan, with its principal place of business located at 30 Frank Lloyd Wright Dr., Ann Arbor, MI 48106. Domino's Pizza, Inc. has transacted business within the State of Texas; however, it does not maintain a regular place of business in Texas nor does it maintain an agent for receipt of service of process in this state. Thus, pursuant to V.T.C.A., TEX. CIV. PRAC. & REM. CODE §17.044, it may be served with process by delivering a true and correct copy of this original complaint and a summons to the Secretary of State for the State of Texas, 1019 Brazos Street, Austin, Texas 78701. Upon receipt of the aforementioned papers, the Secretary of State will forward process to DPI at its last known address, which is set forth above.

4.   Domino's, Inc., is a wholly-owned subsidiary of Domino's Pizza, Inc. Domino's, Inc. is organized and existing under the laws of the State of Michigan, with its principal place of business located at 30 Frank Lloyd Wright Dr., Ann Arbor, MI 48106. Domino's, Inc. has transacted business within the State of Texas; however, it does not maintain a regular place of business in Texas nor does it maintain an agent for receipt of service of process in this state. Thus, pursuant to V.T.C.A., TEX. CIV. PRAC. & REM. CODE §17.044, Domino's, Inc. may be served with process by delivering a true and correct copy of this original complaint and a summons to the Secretary of State for the State of Texas, 1019 Brazos Street, Austin, Texas 78701. Upon receipt of the aforementioned papers, the Secretary of State will forward process to Domino's, Inc. at its last known address, which is set forth above.

5. Domino's LLC is a subsidiary of Domino's, Inc. It is a limited liability corporation that is organized and existing under the laws of the State of Michigan, with its principal place of business located at 30 Frank Lloyd Wright Dr., Ann Arbor, MI 48106. Domino's LLC is authorized by the Secretary of State of the State of Texas to do business in this state and therefore, it has consented to the jurisdiction of the courts of the State of Texas. Domino's LLC may be served with process by delivering a true and correct copy of this original complaint, together with a summons, to its registered agent for receipt of service of process, CT Corporation System, 350 N. St. Paul St., Dallas, TX 75201.

6. This court has jurisdiction over the subject matter of this case pursuant to 15 U.S.C. §1121 (Disputes under the Lanham Act), 28 U.S.C. §1331 (Federal Question), 28 U.S.C. §1332 (Diversity of Citizenship), and 28 U.S.C. §1367 (Supplemental Jurisdiction).

7. This Court is an appropriate venue for this dispute pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the plaintiff's claims occurred in this district and division the plaintiff resides in this district and division, the defendant may be served with process in this district and division, and plaintiff's causes of action against defendant arose out of acts that took place in this district and division.

## BACKGROUND

8. Brooklyn's owns and operates a chain of restaurants in the Dallas area under the federally-registered trademark of "BROOKLYN'S OLD NEIGHBORHOOD STYLE PIZZERIA." Brooklyn's first used this mark in commerce no later than November 29, 2002 and has continued to use it to this day. This mark is prominently displayed on Brooklyn's pizza delivery boxes, its menus, its advertisements, its delivery trucks, its employees' uniforms, and the signage at its various stores. A true and correct copy of the federal registration for this trademark is attached to this complaint as Exhibit A.

9. Brooklyn's restaurants are set up and decorated in the motif of an old neighborhood-style pizzeria, which one might expect to see in Brooklyn, New York. Consistent with this distinctive motif, Brooklyn's has used and continues to use the federally-registered tag line of "A TASTE OF THE OLD NEIGHBORHOOD" on its menus, its packaging, its pizza delivery boxes, its delivery trucks, and the signage at its various stores. Brooklyn's first used this federally-registered tag line in commerce no later than November 29, 2002. A true and correct copy of the federal registration for this trademark is attached to this complaint as Exhibit B.

10. At this time, Brooklyn's owns four (4) restaurants in the Dallas area, with a fifth restaurant scheduled to open in June 2007. Brooklyn's has leased commercial property for a sixth restaurant, which is slated to open its doors for business in October 2007.

11. By 2009, Brooklyn's expects and plans to own and to operate at least twelve locations in the Dallas area.

12. After having established twelve or more successful restaurants, Brooklyn's plans to open restaurants throughout the country and/or to franchise the Brooklyn's business model to independent entrepreneurs.

13. Brooklyn's pizzas are made the old-fashioned way, *i.e.*, by hand, with freshly-prepared ingredients, and baked on stone slabs in brick ovens. They are intended to look, taste, and smell like authentic Italian neighborhood-style pizzas that one would expect to find in Brooklyn, New York, among other places.

14. Brooklyn's federally-registered trademarks are essential to the success of Brooklyn's business plan. Brooklyn's has devoted significant time, effort, and money to the development of these marks and a corresponding reputation for providing high-quality, hand-made, neighborhood-style pizzas.

15. On or about October 30, 2006, Domino's launched a high-profile, national advertising campaign for its new "Brooklyn Style Pizza." This campaign included television commercials, mailers, newspaper advertisements, contests, and InterNet advertising.

16. In its television commercials and on its web sites, Domino's used the motif of a Brooklyn neighborhood to associate its new "Brooklyn Style Pizza" with a type of pizza one might expect to find in an authentic Italian pizzeria.

17. Domino's also has used the tag line "A Taste of the Old Neighborhood" in connection with its newspaper advertisements, its mailers, and on its various web sites that promote its "Brooklyn Style Pizza."

18. Domino's use of the name "Brooklyn Style Pizza," its use of the motif of an authentic Brooklyn-neighborhood, and its use of the tag line "A Taste of the Old Neighborhood" are singularly and collectively likely to cause confusion in the marketplace regarding the source of the pizzas sold by both Domino's and Brooklyn's and, moreover, to cause an improper appearance of affiliation, sponsorship, or approval between Domino's and Brooklyn's.

19. Over the past two months, Brooklyn's has suffered a significant decline in revenue at its various stores, with the most serious damage to the revenues of the stores that compete directly with Domino's for take-out and delivery pizza orders. Brooklyn's expects this trend to continue if Domino's is not prevented from using Brooklyn's trade marks and trade dress to market its pizza.

20. Numerous customers have expressed actual confusion regarding the relationship between the Domino's "Brooklyn Style Pizza" and the goods and services offered by Brooklyn's. This actual confusion has been observed on many occasions by Brooklyn's employees at each of its four locations.

21. Moreover, Domino's national advertising program has caused and will continue to cause Brooklyn's to lose its affiliation with its own registered marks.

22. Stated differently, Domino's saturation of the marketplace with advertisements of its "Brooklyn Style Pizza," and its tag line "A Taste of the Old Neighborhood" has caused and will continue to cause a reverse likelihood of confusion among pizza consumers, who likely will associate Brooklyn's restaurant and its pizzas with Domino's.

## CAUSE OF ACTION

### COUNT I
### (FEDERAL TRADEMARK INFRINGEMENT)

23. Brooklyn's incorporates the allegations of paragraphs 1 and 8-22 above, as if fully set forth herein.

24. On April 13, 2004, the U.S. Patent and Trademark Office issued Registration No. 2832851 for the word mark A TASTE OF THE OLD NEIGHBORHOOD to The Great American Restaurant Co., Inc.

25. On July 27, 2004, the U.S. Patent and Trademark Office issued Registration No. 2867457 for the word mark BROOKLYN'S OLD NEIGHBORHOOD STYLE PIZZERIA to The Great American Restaurant Co., Inc.

26. On or about October 30, 2006, Domino's commenced a national advertising campaign to announce its new "Brooklyn Style Pizza."

27. Domino's television and InterNet advertising for the "Brooklyn Style Pizza" included a depiction of a Brooklyn neighborhood with various inhabitants eating and commenting upon Domino's "Brooklyn Style Pizza."

28. Domino's InterNet, newspaper, and direct mail advertisements prominently displayed the tag line "A taste of the Old Neighborhood."

29. Domino's use of the words "Brooklyn Style Pizza," its use of the Brooklyn neighborhood motif in its advertising, and its use of the tag line "A Taste of the Old Neighborhood," singularly and collectively, are likely to confuse consumers regarding the source and origin of Domino's "Brooklyn Style Pizza" in markets where Brooklyn's restaurants are currently in operation.

30. Moreover, Domino's advertising, as described above, has caused and will continue to cause a reverse likelihood of confusion among pizza consumers, who likely will associate Brooklyn's restaurant and its pizzas with Domino's.

31. As a direct and proximate result of Domino's infringement of Brooklyn's federally registered marks, Brooklyn's has lost and will continue to lose profits in those markets where it competes with Domino's.

32. Additionally, as a direct and proximate result of Domino's infringement, Brooklyn's has incurred and will continue to incur immediate and irreparable damage to its goodwill, its business reputation, and to the affiliation between its products and services and its registered trademarks.

33. Domino's infringement of Brooklyn's federally registered marks has been and continues to be willful and intentional.

## COUNT II
### (FEDERAL UNFAIR COMPETITION)

34. Brooklyn's incorporates the allegations of paragraphs 1 and 8-22 above, as if fully set forth herein.

35. As a direct and proximate result of Domino's advertising campaign for its "Brooklyn Style Pizza" and, more specifically, as a direct and proximate result of its infringement of Brooklyn's trademarks and trade dress, as described above, Domino's has

created a false impression of an affiliation, connection, or association between its goods and services and Brooklyn's goods and services.

36. Domino's unfair competition, as described above, has caused and will continue to cause Brooklyn's to incur monetary damages in those markets where both Domino's and Brooklyn's sell pizza.

37. Additionally, as a result of Domino's unfair competition, Brooklyn's has lost and will continue to lose the value of its federally-registered trademarks as consumers come to associate those trademarks with Domino's.

38. The damage that Brooklyn's has incurred and will continue to incur in connection with the loss of value of its trademarks is both immediate and irreparable.

39. Domino's unfair competition has been and continues to be willful and intentional.

## COUNT III
### (COMMON LAW TRADEMARK INFRINGEMENT)

40. Brooklyn's incorporates the allegations of paragraphs 1 and 8-22 above, as if fully set forth herein.

41. Brooklyn's was first to use the marks BROOKLYN'S OLD NEIGHBORHOOD STYLE PIZZERIA and A TASTE OF THE OLD NEIGHBORHOOD in connection with restaurant services in the State of Texas.

42. Thus, under the common law of the State of Texas, Brooklyn's is entitled to trademark protection of these marks in the State of Texas.

43. As described above, Domino's has violated Brooklyn's trademark rights in the State of Texas by using marks that are identical or, at least confusingly similar, to Brooklyn's marks.

44. As a direct and proximate result of Domino's infringement of Brooklyn's marks in Texas, Brooklyn's has incurred monetary damages in the form of lost profits in an amount that will be established at trial.

45. Moreover, Domino's extensive use of its infringing marks in connection with its advertising campaign for its "Brooklyn Style Pizza" has caused and will continue to cause consumers in Texas to associate Brooklyn's marks with Domino's and, thereby, has caused and will continue to cause immediate and irreparable harm to Brooklyn's business goodwill and to the value of its trademarks.

45. Domino's infringement of Brooklyn's common law trademarks has been and continues to be willful and intentional.

## COUNT IV
### (COMMON LAW UNFAIR COMPETITION)

46. Brooklyn's incorporates the allegations of paragraphs 1 and 8-22 above, as if fully set forth herein.

47. Domino's conduct, as described above, constitutes unfair competition under the common law of the State of Texas.

48. As a direct and proximate result of Domino's unfair competition, Brooklyn's has incurred monetary damages in the form of lost profits in an amount that will be established at trial.

49. Moreover, Domino's unfair competition has caused and will continue to cause consumers in Texas to associate Brooklyn's trademarks with Domino's and, thereby, has caused and will continue to cause immediate and irreparable harm to Brooklyn's business goodwill and to the value of its trademarks.

50. Domino's unfair competition has been and continues to be willful and intentional.

## COUNT V

### (DAMAGE TO BUSINESS REPUTATION-- TEX. BUS. & COM. CODE §16.29)

51. Brooklyn's incorporates the allegations of paragraphs 1 and 8-22 above, as if fully set forth herein.

52. As a result of Domino's infringement of Brooklyn's federally registered marks in connection with its advertising campaign for the "Brooklyn Style Pizza," Brooklyn's business reputation and trademarks have been damaged.

53. Domino's actions have caused and will continue to cause consumers in Texas to associate Brooklyn's high-quality, hand-made pizza with Domino's inferior quality, machine-produced, pizzas.

54. As a result, Domino's actions have diluted and will continue to dilute the value of Brooklyn's trademarks and thereby have caused and will continue to cause irreparable harm to the value of Brooklyn's trademarks.

## JURY DEMAND

Plaintiff demands a trial by jury for all claims so triable.

## PRAYER

WHEREFORE, Plaintiff, Great American Restaurant Co., Inc., respectfully requests that judgment be entered in this case as follows:

1. In connection with Counts I, II, III, and IV, awarding Plaintiff damages in an amount to be determined at trial;

2. In connection with Counts I, II, III, IV, and V, entering permanent injunctive relief to enjoin the Defendants from further infringement of Plaintiff's marks and trade dress and from further acts of unfair competition;

3. In connection with Counts I and II, awarding Plaintiff its attorneys' fees incurred in connection with the prosecution of this lawsuit;

4. In connection with Counts I, II, III, IV, and V, awarding Plaintiff its costs incurred in connection with this lawsuit; and

5. Awarding Plaintiff any and all further relief to which it may be entitled.

Respectfully submitted,

JAMES E. DAVIS
State Bar No. 05504200
T. SLOAN RAWLINS
State Bar No. 24026526
KAREN D. MCCLOUD
State Bar No. 24013125

**DAVIS RAWLINS, P.C.**
1200 Graystone Centre
3010 LBJ Freeway
Dallas, Texas 75234
(972) 919-6155 (Telephone)
(972) 919-6195 (Fax)

**ATTORNEYS FOR PLAINTIFF**