IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THE GREAT AMERICAN RESTAURANT COMPANY | § § § | |
| Plaintiff, | § § | |
| VS. | § § | Case No. 4:07cv52 (Judge Schell/Judge Bush) |
| DOMINO'S PIZZA LLC, DOMINOS, INC. DOMINO'S PIZZA, INC. | § § § | |
| Defendants. | § § | |

**ORDER RE: MOTION FOR LEAVE TO FILE AND REPORT AND
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE REGARDING
MOTIONS FOR SUMMARY JUDGMENT**

Now before the Court are Defendants' Motion for Summary Judgment (Dkt. 45), Plaintiff's Motion for Leave to File Supplemental Response to Defendants' Motion for Summary Judgment (Dkt. 109), and Plaintiff's Motion for Summary Judgment (Dkt. 59). The motion for leave to file the supplemental response (Dkt. 109) is GRANTED and the Court has considered the supplemental response in making this recommendation regarding the summary judgment motion. As set forth below, however, even considering this supplemental response, the Court finds that Defendants' Motion for Summary Judgment (Dkt. 45) should be GRANTED in part and that Plaintiff's remaining claims should be dismissed without prejudice to refiling in state court. For that reason, the Court further finds that Plaintiff's motion for summary judgment (Dkt. 59) should be DENIED as MOOT.

1

## BACKGROUND

In its motion, Domino's seeks summary judgment as to Pizzeria's claims related to trademark. Pizzeria has sued Domino's alleging that Domino's use of the term "Brooklyn Style Pizza"(BSP) infringes on Pizzeria's trademark, "Brooklyn's Old Neighborhood Style Pizzeria," in that it causes confusion in pizza consumers. In its First Amended Complaint, Pizzeria alleges violations of its federally registered trademarks "A TASTE OF THE OLD NEIGHBORHOOD" and "BROOKLYN'S OLD NEIGHBORHOOD STYLE PIZZERIA." Pizzeria also seeks damages for violations of the Lanham Act for unfair competition, common law trademark infringement, common law unfair competition and damage to business reputation.

Shortly after suit was filed, Domino's agreed to give up its advertising for a "taste of the old neighborhood." Because Domino's refused to stop advertising its "Brooklyn style pizza," however, the suit persists.

At the heart of the dispute is Pizzeria's fear that Domino's use of the "BSP" will cause consumers to associate Pizzeria's high quality, hand-made pizza with Domino's *inferior quality, machine-produced* pizzas, even though Pizzeria does not sell a "Brooklyn style pizza"(emphasis added).

## STANDARD

Summary judgment is appropriate where the moving party demonstrates "no genuine issue as to any material fact" and judgment is appropriate as a matter of law. Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If a plaintiff fails to support an essential element of its claim, summary judgment is appropriate because all other

2

facts are immaterial. *Celotex Corp.,* 477 U.S. at 322-23, 106 S. Ct. at 2548. But all evidence and justifiable interferences are viewed in a light most favorable to the non-moving party. *Id.*

To recover on a claim of trademark infringement, a plaintiff must first show that the mark is legally protectable and must then establish infringement by showing a likelihood of confusion. *American Rice, Inc. v. Producers Rice Mill, Inc.*, 518 F.3d 321, 329 (5th Cir. 2008). To be protectable, a mark must be distinctive, either inherently or by achieving secondary meaning in the mind of the public. *Id.* The factors used by this Circuit in determining whether a likelihood of confusion exists are: "(1) strength of the plaintiff's mark; (2) similarity of design between the marks; (3) similarity of the products; (4) identity of retail outlets and purchasers; (5) similarity of advertising media used; (6) the defendant's intent; (7) actual confusion; and (8) degree of care exercised by potential purchasers." *Id.* (internal citations omitted). A likelihood of confusion need not be supported even by a majority of the above noted factors. *Id.*

## ANALYSIS

Domino's argues for summary judgement on two grounds. First, Domino's argues that the name "Brooklyn Style Pizza" is merely generic or at best descriptive without a secondary meaning. Second, Domino's argues that Pizzeria has not and cannot establish likelihood of confusion.

In response to Domino's generic argument, Pizzeria argues that this is an affirmative defense and since it was not pled by Domino's, it has waived its right to assert the generic defense. Domino's counters that it is Pizzeria's burden to prove that the mark is not generic. The Court finds that, even if it is a defense, Domino's can raise the issue in its motion for summary judgement. *See Allied Chem. Corp. v. Mackay*, 695 F.2d 854 (5th Cir. 1983). All parties have addressed this issue

through their respective experts, and no one can claim surprise.

A trademark cannot be infringed by the generic term for the product it designates. *See American Cyanamid Corp. v. Connaught Labs., Inc.,* 800 F.2d 306, 307 (2d Cir. 1986) ("A trademark holder cannot appropriate generic ... terms for its exclusive use, and a trademark infringement finding thus cannot be based on the use of a generic ... term[.]" ); *Dranoff-Perlstein Assocs. v. Sklar,* 967 F.2d 852, 861 (3d Cir. 1992). This is true even if consumers are confused by a competitor's use of a generic term. *Society of Fin. Exam'rs v. National Ass'n of Certified Fraud Exam'rs,* 41 F.3d 223, 225 (5th Cir. 1995) ("Even total confusion, however, is irrelevant if 'CFE' constitutes a 'generic' mark."). To assess the validity of Pizzeria's claim, the Court must assess the validity of the mark, *i.e.*, is it inherently distinctive or has it acquired secondary meaning, and, if so, ascertain the likelihood of confusion. *See Pebble Beach Co. v. Tour 18 I, Ltd.,* 942 F. Supp. 1513, 1537 (S.D. Tex. 1996).

The mark at issue here is BSP. Courts conduct the validity analysis by classifying the mark as generic, descriptive, suggestive, arbitrary or fanciful. *Id.* Even descriptive marks must have secondary meaning to garner protection. *Enrique Bernat F., S.A. v. Guadalajara, Inc.*, 210 F.3d 439 (5th Cir. 2000). To be afforded protection, a descriptive term must be so associated with the product that it becomes a designation of the source rather than a characteristic of the product. *Schwan's IP, LLC v. Kraft Pizza Co.,* 460 F.3d 971 (8th Cir. 2006).

In the present case, if the primary significance of Brooklyn Style Pizza is to identify the product, and not to identify the source of that product, there can be no infringement action. *See Nartron Corp. v. STMicroelectronics, Inc.*, 305 F.3d 397, 405 (6th Cir. 2002); *Liquid Controls Corp.*

4

*v. Liquid Control Corp.,* 802 F.2d 934, 936 (7th Cir. 1986). Accordingly, even if the BSP mark is geographically descriptive, it must have acquired secondary meaning to be legally protectable and valid. *See New York Style Bagel Chip Co. v. That's Entm't, Inc.*, 1992 WL 46854 (E.D. Pa. 1992). In any event, if the term "Brooklyn style pizza" is a generic term, end of inquiry.

A word may also be generic by virtue of its association with a particular region (like Brooklyn), cultural movement, or legend (the Dodgers). *Otokoyama Co. Ltd. v. Wine of Japan Import, Inc.*, 175 F.3d 266 (2nd Cir. 1999). Evidence to prove whether a term is generic may include" (1) a competitors' use; (2) the accuser's use; (3) dictionary definitions; (4) media usage; (5) testimony of persons in the trade; and (6) consumer surveys. *DVH Co., Inc. v Bropfs Corp.,* 2007 WL 3284324 (N.D. Tex. 2007).

Domino's relies in part on the survey of Dr. Jay to demonstrate that the term is merely generic. In her *Teflon* survey, Dr. Jay notes that 77% of those surveyed had an opinion that Brooklyn style pizza was a common generic name (Jay Decl. 12). Domino's points out that even a surveyed showing of 60% is enough to hold that the name is merely generic. *E.I. Dupont de Nemours & Co. v. Yoshida Int'l, Inc.*, 393 F.Supp. 502 (E.D.N.Y. 1975). Domino's also cites a number of articles from newspaper advertisements which mention a Brooklyn style pizza. For example, "The demand for Pucci's Brooklyn style pizza would seem to be greater than the supply....."(Ex. 13). "The soul of a genuinely scrumptious Brooklyn - style pizza doesn't reside in fancy gimmicks or a host of bizarre toppings" (Ex.17). Even in the DFW metroplex, Pastazio's Pizza cuisine is highlighted as the Brooklyn style pizza (Ex. 21).

As Domino's points out, it has submitted 28 media articles referring to the generic use of the term. Advertising use of a word in its generic sense can be compelling evidence of the general public's perception that the term is generic. *See Murphy Door Bed Co., v. Interior Sleep Sys., Inc.,* 874 F.2d 95, 101 (2nd Cir. 1989).

Domino's also points out that it is not alone in the use of the term Brooklyn style pizza and claims over a hundred restaurants around the country use the moniker. Domino's also argues that even the Patent and Trademark office recognizes Brooklyn style pizza as a generic term not entitled to protection (*See* Exhibit 47 and attachments thereto). Domino's states that the name is so generic that Pizzeria used it at one time (Ex. 3) (citations to depositions omitted). Domino's argues that the evidence presented conclusively demonstrates that Brooklyn Style Pizza refers to the product and not to a source.

Food trademark litigation is no stranger to the courts. The term "Brick Oven" used with frozen pizza was held to be generic. *Schwan's IP, LLC v. Kraft Pizza Co.,* 379 F.Supp. 2d 1016 (D.Minn. 2005). The term "kettle" chip was also held to be a generic reference to the manner in which potato chips were made and entitled to no trademark protection. *Classic Foods Intern. Corp. v. Kettle Foods, Inc.,* 468 F.Supp. 2d 1181 (C.D. Cal. 2007).

Pizzeria has also submitted exhibits which in effect state there is no such thing as a BSP. Pizzeria has obtained the services of food expert and critic Arthur Schwartz to give an opinion that there is no such thing as a BSP. Schwartz states that the only real pizza in New York and surrounding boroughs is the "New York Style Pizza" ("NYSP"). Schwartz then devotes four pages of his affidavit directing the Court to where the best pizza can be found and how it is made – a must

6

read for any pizza maven. Where is the best pizza? According to Schwartz, it is not Domino's, but probably at Di Fara's, which has recently been reopened after having been closed down by the health department. Equally interesting is that Di Fara uses sheep's milk cheese. Pizzeria argues that all of this creates a fact issue as the whether BSP is generic. Pizzeria contends that Domino's own pleadings as well as the evidence before the Court demonstrates that BSP is descriptive. Yet, as noted herein, descriptive terms ordinarily are not protectable as trademarks unless they acquire a secondary meaning in the minds of the consumer. Here, there is no showing that BSP as a descriptive mark has acquired such an elevated status. Even Howard's survey (which the Court has excluded) found that 75% of the participants surveyed had no idea that Dominio's sold a BSP. In order to establish a secondary meaning for a term, a plaintiff must show that primary significance of the term for consumers is not the product but the producer. *Kellogg Co. v. Nat'l Biscuit Co.,* 305 U.S. 111, 118, 59 S.Ct. 109,113, 83 L.Ed. 73 (1938). The burden rests with Pizzeria, and it is not an easy road to travel. *See Zatarains, Inc. v. Oak Grove Smokehouse, Inc.,* 698 F.2d 786, 791 (5th Cir. 1983).

Whether BSP is viewed as a generic term, or whether it is descriptive, the result is the same. There is no trademark violation. Judgment should therefore be granted for Domino's on Counts I and III.

The Court also agrees that Pizzeria cannot prove that Domino's actions create a likelihood of confusion. The Fifth Circuit has addressed a number of areas in considering whether there is a likelihood of confusion. *See Westchester Media v. PRL USA Holdings, Inc.*, 214 F.3d 658, 663 (5th Cir. 2000). Domino's has attached as an exhibit the results of a survey performed by its expert, Dr.

Ford (Ex.A), the challenges to which this Court has addressed in a separate order. Ford finds no likelihood of confusion. The Court has also previously excluded the report of Pizzeria's expert, Howard, finding such survey to be too flawed to be reliable. As Domino's correctly points out, only Ford's survey addresses the issue of source confusion.

In considering the factors outlined by the Fifth Circuit, the Court notes that there is only one probative survey on point which demonstrates a lack of confusion. Domino's is a carry out /delivery establishment. According to Pizzeria, its establishment is one which incorporates a dining experience. Therefore, there could be little confusion on this point. As to product similarity, both sell pizzas – one in a box and the other with other available items in a sit-down environment. As for services, one pizza comes in a car, and the other is delivered to your table (although Pizzeria does deliver). The Court does not find that the terms "Brooklyn style pizza" and "Brooklyn's Old Neighborhood Style Pizzeria" are so similar to lead to confusion.

And, there has been no evidence that Domino's selected its name to compete with Pizzeria. Even evidence that a few consumers presented Domino's coupons at Pizzeria fails to suggest real confusion since it is not unusual according to the testimony for individuals to present inappropriate coupons. *See also Pizzazz Pizza & Rest. v. Taco Bell Corp.,* 642 F.Supp. 88 (N.D. Ohio 1986).

As to the phrase*, "a taste of the old neighborhood,"* the Court finds that no evidence of confusion has been presented. Dr. Howard's survey does not address this claim. Pizzeria's response to the Motion for Summary Judgment glosses over this point. The Court need not address the old neighborhood claim since Plaintiff has put forth no evidence that the use of this term has caused confusion or continues to cause confusion. The non-moving party has the responsibility to set forth

8

specific facts showing that there is a genuine issue for trial. FED. R. CIV. P. 56(e).

If nothing else, this whole exercise has been a learning experience in defining what a Brooklyn style pizza is. One of Domino's exhibits states that its allure is so powerful that Carmine Giovianzzo (CSI: NY) still walks the streets of Southern California in search of a Brooklyn style pizza (evidently he didn't find it at Domino's). So, in the end analysis, if you are from Brooklyn, you may know what it is or what it is not, but, in any event, the mere mention of BSP doesn't conjure up the image of a $9.99 pizza delivered in a cardboard box with a red domino on it.

As for Pizzeria's claims of unfair competition under the Lanham Act as well as Texas substantive law, the Court finds that the motion should be granted as to these claims. The Court finds that the issue has not been well-briefed by the parties.

Count II alleges that Domino's has created a false impression of an affiliation, connection, or association between its goods and services and Brooklyn's (Pizzeria) goods and services stemming from Domino's advertising campaign of the BSP. In essence, Pizzeria alleges that Domino's actions have diluted the value of Pizzeria's trademarks. A party may be liable for unfair competition without infringing on a trademark. *In re Hot-Hed Inc.*, 477 F.3d 320,325 (5th Cir. 2007).

To establish unfair competition under Texas law, there must be a likelihood of confusion between the plaintiff's product and the defendant's product. Furthermore, "a ruling on the likelihood of confusion under the Lanham Act also controls an unfair competition claim under state law." A claim for unfair competition under Texas law "is the umbrella for all statutory and nonstatutory causes of action arising out of business conduct which is contrary to honest practice in industrial or

9

commercial matters." Texas tort law requires that the plaintiff show an "illegal act by the defendant," albeit not necessarily in violation of criminal law, as an independent tort interferes with the plaintiff's business practices. *Spectrum Creations, Inc. v. Catalina Lighting Inc.*, 2001 WL 1910566, at 13 (W.D. Tex. 2001). To prove unfair competition under the Lanham Act, a plaintiff must show that: (1) the mark at issue is valid and legally protectable; (2) the mark is owned by the plaintiff; (3) the defendant used the mark in commerce on or in connection with any goods or services or container for goods; and (4) this "use" was in a manner likely to create confusion concerning the origin of the goods or services. 5 U.S.C. § 1125(a). The only mark Domino's has used which belongs to Pizzeria is "a taste of the old neighborhood." As to the trade dress claim, Pizzeria must show that the trade dress is non functional, is inherently distinctive, and that there is a likelihood of confusion as to the source. *TrafFix Devices, Inc. v. Marketing Displays, Inc.*, 532 U.S. 23, 28-35, 121 S. Ct. 1255, 1259-63, 149 L. Ed.2d 164 (2001).

Domino's argues that the street scene with fire escapes and windows obviously exist in every city. There has been no evidence presented by Pizzeria to demonstrate confusion as to trade dress.

Moreover, the Court finds that Pizzeria has simply not addressed whether Domino's use of "a taste of the old neighborhood" has caused any confusion. The response is silent as to this point. There is no evidence to support the claim. The parties have exercised 99% of their resources addressing BSP and nothing more. The Court finds that, without a showing of a likelihood of confusion on this point, summary judgment should be granted on Counts II and IV.

Pizzeria also sues for injunctive relief under Section 16.29 of the Texas Business and Commerce Code. The statute provides that an action for injunction may be pursued when an act is

likely to injure a business reputation or to dilute the distinctive quality of a mark regardless of whether there is competition between the parties or confusion as to the source of goods. TEX. BUS. & COM. CODE § 16.29. To establish a dilution claim under this statute, Pizzeria must show that it owns a distinctive mark and that there is a likelihood of dilution. There is no requirement that Domino's actions constitute a commercial use of the mark, that the mark is famous, that the actors be competitors, or that likely consumer confusion exists. *See E.& J. Gallo Winery v. Spider Webs Ltd.,* 129 F. Supp.2d 1033 (S.D. Tex. 2001), *aff'd*, 286 F.3d 270 (5th Cir. 2002). Thus, the Texas statute is broader in application than the federal statute in that there is no necessity for showing a likelihood of confusion.

Domino's argues for summary judgment on all counts because of the absence of confusion. However, as stated confusion is not required under the Texas statute. Domino's has not briefed the point, and the Court will not grant summary judgment on Count V. Because this is a state law matter and the only remaining claim, however, the Court declines to exercise supplemental jurisdiction over it. 28 U.S.C. § 1367 (c)(3). Therefore, Count V should be dismissed without prejudice to refiling in state court.

As to all other counts in Plaintiff's pleadings, summary judgment should be granted for Defendants. Further, in light of these findings, the Court finds that Plaintiff's Motion for Summary Judgment should be denied as moot.

**Recommendation**

Based on the foregoing, having granted Plaintiff's Motion for Leave to File Supplemental Response to Defendants' Motion for Summary Judgment (Dkt. 109), and as set forth fully above,

the Court recommends that Defendants' Motion for Summary Judgment (Dkt. 45) be GRANTED as to all claims other than Plaintiff's claim under Section 16.29 of the Texas Business and Commerce Code and that Plaintiff's remaining claim under the Texas Business and Commerce Code should be dismissed for want of jurisdiction. Further, the Court recommends that Plaintiff's motion for summary judgment (Dkt. 59) should be DENIED as MOOT

Within ten (10) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(c).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 21st day of April, 2008.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE