IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THE GREAT AMERICAN RESTAURANT COMPANY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 4:07-CV-52 |
| DOMINO'S PIZZA LLC, DOMINO'S, INC., and DOMINO'S PIZZA, INC. | § § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR LEAVE TO AMEND ITS EXPERT DISCLOSURES

The following are pending before the court:

1. Plaintiff's motion for leave to amend its expert disclosures (docket entry #177);

2. Defendants' sealed response to Plaintiff's motion for leave to amend its expert disclosures (docket entry #179);

3. Plaintiff's reply in support of Plaintiff's motion for leave to amend its expert disclosures (docket entry #187); and

4. Defendants' sur-reply responding to arguments raised for the first time in Plaintiff's reply in support of Plaintiff's motion for leave to amend its expert disclosures (docket entry #190-2).

Having considered the Plaintiff's motion and the responsive briefing thereto, the court finds that the motion should be granted in part.

In its motion for leave, the Plaintiff seeks to amend its expert disclosures to designate two new expert witnesses as well as to supplement the disclosures of an existing expert witness. More specifically, the Plaintiff moves to designate Mike L. O'Brien as a damages expert who will testify

-1-

regarding (1) the amount of damages sustained by the Plaintiff in the form of lost profits and (2) the Defendants' profits. Additionally, the Plaintiff seeks to designate Eric W. Pinker as an expert witness regarding attorneys' fees. The Plaintiff's previously designated attorneys' fee expert witness withdrew from the case. Finally, the Plaintiff moves to supplement the disclosures of Lora M. Funderburk, the Plaintiff's expert witness designated to testify regarding the corrective advertising that the Plaintiff will need to undertake to counteract the alleged confusion caused by the Defendants' actions.

## LEGAL STANDARD

The Plaintiff seeks leave of court to amend its expert witness disclosures. Since the deadline to disclose expert witnesses has long since passed, the Plaintiff is essentially seeking leave of court to amend that portion of the scheduling order concerning the designation of expert witnesses. Rule 16(b) of the Federal Rules of Civil Procedure permits a scheduling modification for good cause and with the court's consent. FED. R. CIV. P. 16(b)(4); *Reliance Ins. Co. v. Louisiana Land and Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997). In determining whether the Plaintiff has established good cause, the court considers the following four factors:

(1) the explanation, if any, for the party's failure to comply with the discovery order;

(2) the prejudice to the opposing party of allowing the witnesses to testify;

(3) the possibility of curing such prejudice by granting a continuance; and

(4) the importance of the witnesses' testimony.

*Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996).

## DISCUSSION AND ANALYSIS

1.   **Mike L. O'Brien**

The Plaintiff originally designated Jeff Balcome to testify regarding the amount of the Defendants' revenues attributable to sales of the "Brooklyn Style Pizza" and the amount of a reasonable royalty with respect to such sales. On April 21, 2008, Magistrate Judge Don D. Bush signed an order regarding the Plaintiff's expert witnesses (docket entry #130). In that order, Magistrate Judge Bush limited Mr. Balcome's testimony to revenues from "Brooklyn Style Pizza" sales in the Plaintiff's marketing and sales area. Magistrate Judge Bush granted the Plaintiff leave to amend Mr. Balcome's report in conformance with this ruling. Magistrate Judge Bush further excluded Mr. Balcome's testimony regarding the amount of a reasonable royalty. This court adopted the Magistrate Judge's findings and conclusions on May 28, 2008.

The Plaintiff now moves to designate Mr. O'Brien as its new damages expert. Rather than amending Mr. Balcome's report, the Plaintiff seeks to provide Mr. O'Brien's opinions regarding the amount of damages sustained by the Plaintiff in the form of lost profits and the amount of the Defendants' profits. However, as noted by the Defendants, the Plaintiff previously opted not to seek damages in the form of lost profits. On April 9, 2008, the Plaintiff filed its motion in limine (docket entry #122). In its motion in limine, the Plaintiff stated the following:

> Based on considerations of cost and legal strategy, Great American does not seek to recover lost profits in connection with its claims in this case. Thus, any evidence regarding Great American's revenues, profits, expenses, or losses during the period of the Defendants' infringement would not be relevant to any issue in the case and would be likely to confuse or to prejudice the jury in connection with its deliberations. Therefore, the Defendants should not be allowed to offer such evidence or to make arguments concerning these subjects without first obtaining the permission of the Court. Fed. R. Evid. 401 and 403.

The Defendants objected to the Plaintiff's motion in limine, arguing that the Plaintiff's lost sales and profits were relevant to whether the Plaintiff should be awarded the Defendants' profits and whether there was any actual confusion in the marketplace. While the Defendants objected to the exclusion of evidence regarding the Plaintiff's lost profits, such objection does not alter the Plaintiff's position that it was not seeking to recover its own lost profits. Although the court has not issued a ruling on the Plaintiff's motion in limine, the Defendants are entitled to rely on the Plaintiff's position concerning the recovery of its own lost profits. The court presumes that additional discovery would be needed if the court permitted the Plaintiff to alter its theory of recovery at this late date. Since the court previously denied the Plaintiff's motion for a continuance, the parties do not have time to conduct additional discovery. The court finds that the Defendants would suffer prejudice as a result. Accordingly, the court finds that the Plaintiff may designate Mr. O'Brien as its damages expert. Mr. O'Brien may only testify with respect to the Defendants' revenues and profits in the Plaintiff's marketing and sales area for the sale of "Brooklyn Style Pizza."

### 2. Lora M. Funderburk

As noted above, the Plaintiff originally designated Ms. Funderburk to testify regarding the corrective advertising that the Plaintiff will need to undertake to counteract the alleged confusion caused by the Defendants' actions. The Plaintiff now seeks leave to amend Ms. Funderburk's expert disclosures with new data regarding the costs of corrective advertising. However, the court, in adopting the Magistrate Judge's order concerning expert witnesses, excluded the Plaintiff's evidence regarding the costs of corrective advertising. As such, the Plaintiff has no need to amend Ms.

Funderburk's expert witness report with new data regarding corrective advertising.[1] The Plaintiff's motion for leave to amend Ms. Funderburk's expert witness report is denied.

### 3. Eric W. Pinker

Finally, the Plaintiff seeks leave of court to designate Eric W. Pinker as its expert on attorneys' fees. The Plaintiff originally designated James E. Davis; however, Mr. Davis withdrew from the case. The Defendants do not object to the substitution of Mr. Pinker as the Plaintiff's expert on attorneys' fees. Accordingly, the Plaintiff's motion for leave to designate Mr. Pinker as its expert on attorneys' fees is granted.

### CONCLUSION

Based on the foregoing, the Plaintiff's motion for leave to amend its expert disclosures (docket entry #177) is hereby **GRANTED IN PART**.

**SIGNED this the 28th day of May, 2010.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE

---

[1] On this date, the court denied the "Plaintiff's Motion to Reconsider Memorandum Adopting Report of the United States Magistrate Judge."